IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY SCHOMER, | ) | C.A. No.  2:20-cv-790 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| WESTMORELAND COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

AND NOW COMES Plaintiff TIFFANY SCHOMER, by and through her attorneys, MARGARET S. COLEMAN and the LAW OFFICES OF TIMOTHY P. O'BRIEN and submits the following Complaint in Civil Action, and in support thereof avers as follows:

I)   INTRODUCTION

1.   This Complaint alleges that Defendant Westmoreland County violated Plaintiff Tiffany Schomer's right to be free from discrimination based on her disability. Specifically, Westmoreland County failed to reasonably accommodate Ms. Schomer's disability, multiple sclerosis, by refusing to transfer her to an open and available position for which she was qualified and/or by failing to engage in an interactive process to identify an alternative accommodation.

II)  JURISDICTION

2.   The jurisdiction of this Court is invoked pursuant to 28 USC §§ 451, 1331, 1343 and 1345, and upon the doctrine of pendant and/or supplemental jurisdiction over any state law claims.

3. All of the violations of Plaintiff's rights alleged herein occurred within the Western District of Pennsylvania. Venue is, therefore, properly in the Western District of Pennsylvania under 28 U.S.C. § 1291(B).

III) <u>PARTIES</u>

4. Plaintiff Tiffany Schomer is an adult individual who resides in Westmoreland County, Pennsylvania.

5. Defendant Westmoreland County is county of the third class located in the Commonwealth of Pennsylvania.

6. At all times relevant hereto, Defendant Westmoreland County was an "employer" as that term has been defined by the applicable statutes and acted by and through its duly authorized agents, assignees and/or employees, who were then and there acting within the course and scope of their employment.

IV) <u>FACTS</u>

7. Plaintiff Tiffany Schomer was employed by Defendant Westmoreland County from January of 2012 until the County terminated her employment on March 5, 2019.

8. In 2013 Ms. Schomer was diagnosed with multiple sclerosis.

9. Ms. Schomer's multiple sclerosis significantly impairs one or more of her major life activities.

10. At the time of her diagnosis, Ms. Schomer was a manager in the Recorder of Deeds office. She was able to perform her duties in this position without accommodation.

11. In January 2016, Ms. Schomer left the Recorder of Deeds office and began working as a Clerk in the Sheriff's Office.

12. Ms. Schomer's supervisors in the Sheriff's Office were aware of her disability when she began her employment there.

13. Despite her disability, Ms. Schomer satisfactorily performed her duties as a Sheriff's Office Clerk.

14. In August of 2018, Defendant promoted Ms. Schomer to the position of Assistant Office Manager in the Sheriff's Office.

15. This position involved significantly more responsibility than her previous position. In addition, because the Office Manager position was vacant, Ms. Schomer was required to perform the duties of both Office Manager and the Assistant Office Manager.

16. Because of symptoms related to her disability, Ms. Schomer struggled to perform of some of the duties of her new position.

17. In October of 2018 Defendant met with Ms. Schomer to discuss her performance issues. During the first such meeting Ms. Schomer explained to Defendant that she was "struggling health-wise." Defendant suggested that she accept a demotion to her previous position as a Clerk. Ms. Schomer declined the demotion because she believed that she would be able to perform the Assistant Office Manager position with time and additional training.

18. In or about December of 2018, Defendant hired an Office Manager. The Office Manager was not trained to perform many of her duties, so Ms. Schomer continued to perform these duties.

19. Ms. Schomer often informed the new Office Manager that she was suffering from symptoms related to her disability while at work.

20. Defendant held multiple meetings with Ms. Schomer regarding her performance issues.

21. On or about February 15, 2019, Defendant held a meeting with Ms. Schomer at which it alleged that Ms. Schomer had used County resources for partisan political purposes. Defendant suspended Ms. Schomer while it investigated these allegations.

22. Defendant's investigation revealed that, on one occasion, Ms. Schomer had used a county phone to check on the status of a campaign poster for a political candidate. This call was made while she was off-duty.

23. On March 5, 2019 Defendant held another meeting with Ms. Schomer at which it informed her that it was terminating her employment. Although Defendant briefly referenced the results of its investigation, the primary reason it gave for her termination was her performance. Ms. Schomer had never previously been informed that Westmoreland County was considering terminating her employment.

24. At the March 5, 2019 meeting Ms. Schomer clearly explained to Defendant that her performance issues were the result of symptoms related to her disability. She requested that rather than terminate her employment, Defendant demote her to into the Clerk position at which she had previously excelled.

25. Two Sheriff's Office Clerk positions were open and available as of March 5, 2019.

26. Defendant refused to consider her request and terminated her employment.

27. Following her termination, Defendant filled the open and available Clerk positions.

28. On information and belief, there were other open and available positions in Westmoreland County for which Ms. Schomer was qualified and into which she could have been transferred.

29. On information and belief, the allegations of improper use of county resources for political purposes were a pretext to justify terminating Ms. Schomer's employment because of her disability and/or to avoid providing her a reasonable accommodation.

30. Although Defendant was aware that Ms. Schomer's disability was interfering with her ability to perform her job duties as early as October of 2018, it did not engage in any interactive process with Ms. Schomer to identify a reasonable accommodation of her disability.

31. On information and belief, had Defendant engaged in an interactive process with Ms. Schomer, a reasonable accommodation would have been identified.

V)   <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

32. Prior to filing this lawsuit, Ms. Schomer exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment Opportunity Commission (EEOC) and/or Pennsylvania Human Relations Commission (PHRC). A copy of the charge of discrimination filed on behalf of Ms. Gambardella is attached hereto as Exhibit 1 and made a part hereof.

33. On March 2, 2020, the EEOC issued a Dismissal and Notice of Right to Sue.  Attached as Exhibit 2.

VI) <u>CLAIMS</u>

34. As a result of Defendant's conduct, as hereinbefore described, Ms. Schomer has been denied her right to reasonable accommodation of her disability and/or to be free from discrimination based on her disability, as protected by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*.

35. As a result of Defendant's conduct, as hereinbefore described, Ms. Schomer has been denied her right to reasonable accommodation of her disability and/or to be free from discrimination based on her disability, as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.*

36. As a result of Defendant's conduct, as hereinbefore described, Ms. Schomer has suffered lost wages, benefits, and other remuneration.

37. As a result of Defendant's conduct, as hereinbefore described, Ms. Schomer has suffered embarrassment, humiliation, and emotional distress.

38. Defendant's conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Ms. Schomer's federally protected rights.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in her favor for compensatory and/or punitive damages and such other relief as is appropriate and equitable under the circumstances and award her costs and attorney's fees incident to the successful completion of this litigation.

Respectfully submitted,

/s/ Margaret S. Coleman
PA ID# 200975

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
(412) 232-4400

Attorney for Plaintiff